**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CODY RYAN MILLAY**                                                            **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 4:21-CV-P116-JHM**

**LEIGH WIGGINS**                                                          **DEFENDANT**

**MEMORANDUM OPINION**

This is a *pro se* civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff Cody Ryan Millay is incarcerated at the Daviess County Detention Center (DCDC). He sues DCDC "S.A.P. Director"[1] Leigh Wiggins in both her official and individual capacities.

Plaintiff alleges that during a S.A.P. class at DCDC, Defendant Wiggins wrote "saggin" on the board and said, "What is saggin spelled backwards? its niggas because saggin is for niggas." Plaintiff indicates that a result of this incident, he "signed out" of S.A.P. Plaintiff alleges that when he reported this incident to a DCDC official, the official apologized for Defendant Wiggins' conduct. Plaintiff states that he is suing for "racial profiling, discrimination, abuse of power, and having to do more time because I can do S.A.P. now."

As relief, he seeks damages and release on parole.

---

[1] The Court understands "S.A.P." to be an acronym for "Substance Abuse Program."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Although unprofessional and deplorable, Defendant Wiggins' alleged use of a racial slur on one occasion fails to give rise to a constitutional claim. *See, e.g.*, *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (holding state prison guard's use of racial slurs and derogatory language does not rise to the level of an Eighth Amendment violation); *King v. City of Eastpointe*, 86 F. App'x 790, 814 (6th Cir. 2003) (Moore, J., concurring in part and dissenting in part) ("The use of a racial epithet by itself is not an actionable violation of the Equal Protection Clause."); *Jones v. Porter*, No. 99-1326, 2000 U.S. App. LEXIS 8929, at *6 (6th Cir. May 1, 2000) (holding prison official's use of racial slur does not give rise to a Fourteenth Amendment equal-protection claim); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (collecting cases) (holding that use of racially derogatory language, "[s]tanding alone . . . does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."); *Williams v. Bram*, 180 F. 3d 699, 705 (5th Cir. 1999) (holding that "alleged use of the racial epithet did not amount to conduct . . . that would deny [the plaintiff] equal protection of the laws" under the Fourteenth Amendment); *Brown v. Toombs*, No. 92-1756, 1993 U.S. App. LEXIS 1400, at *2-3 (6th Cir. Jan. 21, 1993) ("Brown's

allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."); *Green v. Dorman*, No. 2:19-cv-2968, 2019 U.S. Dist. LEXIS 118968, at *6-7 (S.D. Ohio July 17, 2019) (holding that the use of a racial slur is "insufficient to establish a violation of [the plaintiff's] constitutional rights); *Austin v. Kutchie*, No. 2:18-cv-87, 2018 U.S. Dist. LEXIS 73399, at *3-4 (W.D. Mich. Oct. 9, 2018) (holding that plaintiff-prisoner's allegation that he was subjected to racial slurs and taunts failed to state an Eighth or Fourteenth Amendment claim).

## IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: December 3, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendant
     Daviess County Attorney
4414.011